UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PATRICK CRATTY,

    Plaintiff,

v.

CITY OF WYANDOTTE,

    Defendant.

_____/

Case No. 17-cv-10377

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [# 43]

### I. INTRODUCTION

Presently before the Court is Plaintiff Charles Cratty's Motion for Reconsideration. Dkt. No. 43. Plaintiff requests this Court reverse the Motion for Summary Judgment that it granted against Plaintiff on February 21, 2018. Dkt. No. 41. For the reasons discussed below, this Court will deny Plaintiff's Motion.

### II. FACTUAL BACKGROUND

This action stems from the alleged illegal acts taken by the officers of the City of Wyandotte Police Department against Plaintiff. On February 7, 2017, Plaintiff filed the present action in this Court. Dkt. No. 2. Plaintiff brought a federal malicious prosecution claim, state and federal abuse of process claims, and

-1-

three state law claims of conspiracy, conversion, and unjust enrichment. Dkt. No. 2, pg. 2–17 (Pg. ID 20–35). On October 9, 2017, Defendant filed its Motion for Summary Judgment. Dkt. No. 20. Plaintiff opposed the Motion on October 27, 2017. Dkt. No. 28. On January 3, 2018, this Court extended the discovery deadline to allow Plaintiff to depose the City of Wyandotte's Mayor, Joseph Peterson. Dkt. No. 34. This Court also allowed supplemental briefing by both parties regarding Mayor Peterson's deposition. *Id.* On January 10, 2018, Plaintiff deposed Mayor Peterson. Dkt. No. 38-3. Plaintiff filed his supplemental brief on February 1, 2018. Dkt. No. 38. Defendant filed its supplemental brief on February 8, 2018. Dkt. No. 39. Defendant argued that Plaintiff failed to show a policy or custom of constitutional rights violations by Defendant. *Id.* On February 21, 2018, this Court issued an Opinion and Order granting Defendant's Motion. Dkt. No. 41. This Court found that Plaintiff failed to bring facts sufficient to support a genuine dispute on the issue of municipal liability. *Id.* On March 7, 2018, Plaintiff filed the present Motion for Reconsideration. Dkt. No. 43.

### III. Legal Standard

Under this Court's Local Rules, the Court may not grant a motion for reconsideration that merely presents the same issues upon which the Court already ruled. E.D. Mich. LR 7.1(h)(3) (E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack

and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

## IV. DISCUSSION

Plaintiff asserts that this Court failed to apply the appropriate law for determining municipal liability. Dkt. No. 43, pg. 2 (Pg. ID 1119). This Court applied the correct law to this case by applying the test used by the Sixth Circuit in *Burgess v. Fisher*. 735 F.3d 462, 478 (6th Cir. 2013). Plaintiff's complaint brought several § 1983 claims against Defendant, a municipality, better known as *Monell*[1] claims. This Court follows the precedent set forth by the Sixth Circuit. Sixth Circuit precedent holds that a Plaintiff who brings § 1983 claims against a municipality must demonstrate that the alleged federal violations occurred because of a municipal policy or custom. *Burgess v. Fisher*, 735 F.3d at 478. There are four ways that a plaintiff may demonstrate an illegal policy or custom: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *Id.* Plaintiff failed to articulate this standard as set forth by the Sixth Circuit in his briefs. However, Defendant did articulate this standard in its supplemental brief. Dkt. No. 39, pg. 2 (Pg. ID 930). Even if neither party had articulated the correct standard, this Court is still required to apply the correct standard. As such, Plaintiff's claim that this Court applied the incorrect standard is without merit.

Plaintiff asserts that this Court committed palpable error by claiming that documentation of an official illegal policy is required to prove municipal liability. Dkt. No. 43, pg. 2 (Pg. ID 1119). However, Plaintiff misstates the Court. The Court held that to show municipal liability under element one of the *Burgess* test, Plaintiff was required to show proof of an official illegal policy or legislative enactment. Dkt. No. 41, pg. 7 (Pg. ID 1099). The Court then noted that the record contained no documentation of an official illegal policy, which could prove that there was in fact an official illegal policy. *Id.* The Court did not hold that Plaintiff was required to show documentation of an official illegal policy in order to preclude summary judgment. Therefore, the Court committed no palpable defect in this regard.

Plaintiff next states that this Court failed to apply the testimony of Lieutenant Reed in its consideration of municipal liability. Dkt. No. 43, pg. 3 (Pg. ID 1120). Plaintiff then asserts that Reed's testimony demonstrates that Plaintiff was illegally targeted in accord with the normal practice of Defendant's Police Department. *Id.* However, the Court considered all of the testimony in the depositions and the record. The Court came to the conclusion that Reed's testimony did not create a genuine dispute of municipal liability. Therefore, Plaintiff's contention that the Court failed to interpret the facts correctly is without merit.

Next, Plaintiff asserts that this Court committed palpable error by failing to apply additional law cited by Plaintiffs. Dkt. No. 43, pg. 6 (Pg. ID 1123). Plaintiff asserts that this Court failed to consider that "although evidence of a policymaker's specific decision or deliberate indifference are potential avenues to establish municipal liability, they are not necessary if a plaintiff can point to testimony from which a jury can reasonably infer an unconstitutional municipal custom and practice." *Mobley v. City of Detroit*, 938 F. Supp. 2d 669, 685 (E.D. Mich. 2012). This test was articulated in an opinion issued by the Eastern District of Michigan and quoted from the Ninth Circuit. *See id.* Therefore, this Court was not required to apply this standard, because neither the Sixth Circuit nor the Supreme Court articulated it. However, this Court did consider this argument when it was

originally articulated in Plaintiff's briefs and came to the conclusion that the test could not be satisfied.[2]

Plaintiff also asserts that this Court failed to consider that "a municipality can also be held liable for a single decision by a policymaker if the official is the one who has the final authority to establish municipal policy with respect to the action ordered." *Arnold v. City of Columbus*, 515 F. App'x 524, 538 (6th Cir. 2013). The Court did not explicitly articulate this test in its Opinion and Order. However, the Court considered this test and likewise held that the test could not be satisfied. The analysis and facts articulated in this Court's February 21, 2018 Opinion and Order demonstrate this Court's finding that there was no single decision made by a policymaker that violated Plaintiff's rights. Therefore, the Court did not commit palpable error by failing to consider the appropriate legal standards.

Pages 7–13 of Plaintiff's Motion for Reconsideration claim that this Court failed to consider several facts in the light most favorable to the Plaintiff. Dkt. No. 43, pgs. 7–13 (Pg. ID 1124–30). However, this Court considered all of the facts in

---

[2] The Court considered all of the arguments and standards articulated by Plaintiff in its briefs submitted on Defendant's Motion for Summary Judgment. However, given the length and complexity of the record, the Court only articulated the facts and standards that it considered most pertinent in its February 21, 2018 Opinion and Order.

the light most favorable to the Plaintiff. As stated above, this Court only articulated the most relevant facts in its Opinion and Order. Plaintiff disagrees with this Court's analysis of those facts. However, this disagreement is not a sufficient reason to grant a motion for reconsideration. Therefore, the Court holds that it did not commit palpable error because it considered the facts in the light most favorable to the Plaintiff.

Plaintiff asserts that this Court committed palpable error by finding that Plaintiff did not have a federal malicious prosecution claim because there was probable cause for his criminal prosecution. Dkt. No. 43, pg. 14 (Pg. ID 1131). However, even if Plaintiff could prove that there was not probable cause to prosecute him, this Court also held that Plaintiff failed to establish that Defendant was liable for the violation. Dkt. No. 41, pg. 6 (Pg. ID 1098). In other words, this Court held that Plaintiff failed to establish *Monell* liability, an essential aspect to his claim. Therefore, this Court did not commit palpable error in its malicious prosecution analysis.

Pages 15–24 of Plaintiff's Motion state that this Court committed palpable error by failing to consider the facts in the light most favorable to Plaintiff, and failing to consider contradictory evidence that favored Plaintiff. Dkt. No. 43, pgs. 15–24 (Pg. ID 1132–41). However, this Court considered all of the facts set forth in the record, even if they were not articulated in its Opinion and Order. This Court

also considered the facts in the light most favorable to Plaintiff. Any attempts by Plaintiff to emphasize different facts and arguments than what he stated in his original briefs on this issue should not properly be considered by this Court. Plaintiff could have emphasized any different facts and articulated any new arguments in its original briefs. In conclusion, this Court holds that it did not fail to consider the facts in the light most favorable to the Plaintiff. Therefore, this Court did not commit palpable error.

Lastly, Plaintiff asserts that this Court incorrectly analyzed his federal abuse of process claim. Dkt. No. 43, pg. 24 (Pg. ID 1141). Plaintiff proceeds to talk about a lack of probable cause in order to make his argument. *Id.* However, abuse of process does not implicate probable cause, nor did the Court discuss probable cause in its abuse of process analysis. Dkt. No. 41, pg. 17–19 (Pg. ID 1109–11). Therefore, this argument appears to be misplaced. Even if Plaintiff does present a viable argument, this Court also held that Plaintiff failed to show municipal liability concerning his abuse of process claim. A lack of municipal liability requires Plaintiff's claim to fail. Therefore, there was no palpable error in this Court's federal abuse of process analysis.

In conclusion, this Court finds that it did not commit a palpable defect in its February 21, 2018 Opinion and Order granting summary judgment in favor of Defendant. The majority of Plaintiff's arguments restate arguments made in his

original briefs or articulates arguments he could have made in his original briefs. The new arguments that Plaintiff asserts are without merit.

## V. CONCLUSION

For the reasons discussed herein, the Court will deny Plaintiff's Motion.

SO ORDERED.

Dated:	May 22, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge